IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01121-BNB

JACOB DANIEL OAKLEY,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director,
SUSAN JONES, Warden,
BOYD, Nurse Practitioner,
ALLENBERG, P.A.,
TURNER,
PEGGY SUE SLASL,
C/O SANTOS,
C/O DALTON,
C/O DUTY,
SGT. McFEE,
JACK BAUBAKE, Lt.
SGT. ROMAN,
SGT. JEWEL WEST,
KEVIN KAUCHER, Lt. or Sgt.,
RENEA WILL, Lt.,
KRAUER, C.O or Lt.,
JOHN AND JANE DO x 150 at C.T.C.F.,
JOHN AND JANE DOE x 150 at S.C.C.F.,
JOHN AND JANE DOE x 150 at C.S.P., and
JOHN AND JANE DOE x 450 at C.T.C.F., S.C.C.F., and C.S.P.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 16 2010

GREGORY C. LANGHAM
                CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jacob Daniel Oakley, is a prisoner in the custody of the Colorado Department of Corrections, who currently is incarcerated at the Colorado State Penitentiary. Mr. Oakley, acting *pro se*, initiated this action by filing a Letter and a pleading titled "Emergency Medical Order and Notice of Intent to Sue Employees of (D.O.C.)." The Court instructed Mr. Oakley that he must file his claims on a Court-

approved form used in filing prisoner complaints, which he did on June 21, 2010. Upon review of the Prisoner Complaint, the Court determined that Mr. Oakley had failed to assert personal participation by named defendants and ordered Mr. Oakley to file an Amended Prisoner Complaint, which he did on August 9, 2010.

The Court must construe the Amended Complaint liberally because Mr. Oakley is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Oakley will be ordered to file a Second Amended Complaint.

Mr. Oakley's handwriting is difficult to read, which makes understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. One reason Mr. Oakley's Amended Complaint is difficult to read is because it is single-spaced. Therefore, Mr. Oakley is directed to double-space and legibly write the Second Amended Complaint.

Mr. Oakley again is reminded that he also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Oakley must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely

because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Oakley may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Oakley uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

Mr. Oakley also is directed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint 'contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Oakley's Amended Complaint is seventy-two pages long. The claims are repetitive as are his requests for relief. Mr. Oakley is instructed to amend the Amended Complaint and state all of the information regarding a specific claim under only one heading for that claim. All supporting information should be included under the heading for the particular claim, including the names of all defendants who participated in the constitutional violation identified in that claim. Again, Mr. Oakley is reminded that his claims are to be presented in a short and concise format.

Mr. Oakley further is reminded that to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Oakley, file **within thirty days from the date of this Order** a Second Amended Complaint that complies with the directives of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Oakley, together with a copy of this Order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Oakley fails to file a Second Amended Complaint within the time allowed, the action will be dismissed without further notice.

DATED August 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01121-BNB

Jacob Daniel Oakley
Prisoner No. 123294
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 8/16/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk